

U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

November 14, 2005

Richard Samad, Esquire
503 D Street, N.W.
Suite 200
Washington, D.C. 20001

*Sealed*

Re:   *United States v. Eugene Jones, Jr.*, Cr. 05-318 (HKK), Plea Agreement

Dear Mr. Samad:

This letter confirms the agreement between your client, **Eugene Jones, Jr.**, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**Eugene Jones Jr.'s Obligations, Acknowledgments and Waivers:**

1.   Your client, Eugene Jones Jr., agrees to admit guilt and enter a plea of guilty to Counts Three and Count Five of a pending five-count indictment. The criminal conduct involved in the two counts to which he is pleading guilty is as follows:

Count Three:   Count Two charges your client with unlawful possession with intent to distribute 5 grams or more of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21 United States Code, Sections 841(a)(1) and 841 (b)(1)(B)(iii). Your client understands that the offense carries a penalty of a term of imprisonment of at least five years and up to 40 years, a fine of not more than $2,000,000.00, a period of supervised release for at least 4 years following imprisonment, and a special assessment of $100 as required by 18 U.S.C. § 3013, payable to the Clerk's Office of the United States District Court for the District of Columbia.

Count Five:   Count Five charges your client with using, carrying, or possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Your client understands that pursuant to 18 U.S.C. § 924(c)(1) the charge carries a mandatory penalty of a term of imprisonment of not less than five years that

must be imposed consecutively to any other sentence, and a maximum term of life imprisonment. In addition, the court may impose a fine of up to $250,000, a period of supervised release of up to five years following imprisonment, and a special assessment of $100 as required by 18 U.S.C. § 3013, payable to Clerk's Office of the United States District Court for the District of Columbia.

Your client further understands that your client will be sentenced according to 18 U.S.C. § 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client further understands that pursuant to 18 U.S.C. § 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2.    Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for 25.08 grams of cocaine base, and 301.76 grams of marijuana, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client possessed with intent to distribute. Your client will also acknowledge that he possessed a Smith & Wesson .32 caliber revolver (serial number AL76436) that was loaded with three (3) rounds of .32 caliber ammunition.

3.    The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this paragraph. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to any law enforcement agent, probation officer or Court) the Government is free under this agreement to seek an increase in the base offense level or an upward departure based on that post-agreement conduct.

4.    In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of : $330 in U.S. currency, a Smith & Wesson .32 caliber revolver (serial number AL76436) that was loaded with three (3) rounds of .32 caliber ammunition, as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking. Your client acknowledges and agrees that the Government reserves its right to bring a

civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

5. In view of the cooperation which your client agrees to provide and the expected investigation(s) which will be based on this cooperation, the United States will agree to request your client's release pending sentencing for a limited time period and solely for the purpose of engaging in investigative activity under the direction of law enforcement authorities. Your client and the Government agree that pursuant to 18 U.S.C. § 3145(c), the fact of your client's cooperation in investigation(s) constitutes "exceptional reasons" justifying your client's release for a limited time period and solely for the purpose of engaging in investigative activity under the direction of law enforcement authorities and the Government. The exceptional reasons justifying your client's release for a limited time period and solely for the purpose of engaging in investigative activity include, but are not limited to: your client's promise to maintain daily contact either in person or by telephone with a designated law enforcement agent, and any other law enforcement agent/officer designated by the Metropolitan Police Department or the Government; your client's promise and agreement not to engage in any criminal conduct; and your client's promise and agreement to abide by any and all release conditions imposed by the Court. Your client understands that the Court is not bound to accept the Government's recommendation regarding release pending sentencing and may impose whatever conditions it deems appropriate pending sentencing, to include ordering that your client be held without bond. Your client understands and agrees that at any time the Government can ask that your client be detained pending sentencing, and your client agrees not to oppose such a request for detention. Your client further agrees that the termination of your client's involvement in any investigation is a matter committed to the sole discretion of the Government and that this decision is not judicially reviewable. Your client understands and agrees that the United States does not waive its position as to your client's dangerousness or risk of flight by agreeing to afford your client the opportunity to be released for a limited time period solely for the purpose of engaging in investigative activity under the direction of law enforcement authorities and the Government. Your client also agrees that any violation of your client's release conditions, any misconduct by your client, or any inability or failure on the part of your client to continue your client's cooperation with Government shall result in the Government filing an *ex parte* motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentence in this case.

6. Your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia on the following terms and conditions:

(a) Your client shall cooperate fully, truthfully, completely and forthrightly with this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking Government administered polygraph examination(s); and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely and

forthrightly as directed by this Office and other Federal, state and local law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this agreement by your client, and will relieve the Government of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or 18 U.S.C. § 3553(e). Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his obligations under this agreement.

(b)  Your client shall promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime.

(c)  Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d)  Your client shall testify fully, completely and truthfully before any and all Grand Jury(ies) in the District of Columbia, and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(e)  Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of his obligations under this agreement. Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

7.  Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Your client understands that if the Government does not file a motion for downward departure the Court may not grant a downward departure pursuant to either under Section 5K1.1 of the Sentencing Guidelines

or under 18 U.S.C. § 3553(e). In any event, your client specifically agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigation(s) or prosecution(s) of another person(s) who has committed a federal, state, local or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his obligations under this agreement.

8. Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or Government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and Government prosecutors outside of the presence of counsel. If at some future point you or your client desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

9. (a) In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

(b) Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed. Your client understands that the date for sentencing will be set by the Court.

10. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a) and 3553(c) through (e), upon consideration of the *United States Sentencing Commission Guidelines Manual*. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines.

11. Your client understands that even if this Office informs the Court of the nature and extent of your client's cooperation, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific

period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

12. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

13. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the Government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

14. Your client further agrees to waive all rights, claims or interest in any witness fee that your client may be eligible to receive pursuant to 28 U.S.C. § 1821 for your client's appearance at any grand jury, witness conference(s) or court proceeding(s) during the course of your client's cooperation pursuant to this agreement or any term of your client's incarceration.

15. Your client understands and agrees that if your client should fail to specifically perform and to fulfill fully and completely each and every one of your client's obligations under this plea agreement, then: (a) the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e); (b) your client will not be allowed to withdraw your client's guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; (d) no motion for downward departure will be filed or sought and your client will be sentenced upon consideration of the applicable Sentencing Guidelines range; and (e) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by your client pursuant to this agreement or during the

course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

**The Government's Obligations, Acknowledgments and Waivers:**

16. This Office will request that the Court dismiss Counts One, Two, and Four of the pending indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

17. This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

18. This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation.

19. If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines in order to afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than indicated by the Sentencing Guidelines. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, then, the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

20. Your client understands and acknowledges, however, that even if the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia determines that your client provided substantial assistance in the investigation(s) or prosecution(s) of another person(s) for purposes of Section 5K1.1 of the Sentencing Guidelines, this Office reserves its right to decline to file a departure motion pursuant to 18 U.S.C. § 3553(e). In the absence of a motion under 18 U.S.C. § 3553(e), the Court will be required to sentence your client to at least the mandatory minimum period of incarceration, if any, which applies to the offense or offenses of conviction even if the Court decides to depart below the applicable guideline range. In the event this Office, in its sole discretion, decides to file a departure motion pursuant to both Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute.

21.    The Government agrees, pursuant to Section 1B1.8(a) of the Sentencing Guidelines, that self-incriminating information provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, and about which the Government had no prior knowledge or insufficient proof in the absence of your client's admissions, will not be used by the Government at the time of sentencing for the purpose of determining the applicable guideline range. However, all self-incriminating information provided by your client may be used for the purposes and in accordance with the terms identified in Section 1B1.8(b) of the Sentencing Guidelines.

22.    The Government agrees that the base offense level for the crimes to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold or otherwise mislead the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

23.    After the entry of your client's plea of guilty to the offense(s) identified in paragraph number one above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement.

24.    The United States agrees, subject to the reservations in the remainder of this paragraph, that so long as your client does not move to withdraw your client's plea of guilty and is in full compliance with each and every provision of this agreement, the United States will not use against your client, directly or indirectly, in any criminal or in any civil proceeding, any of the information or materials provided to the United States by your client during the course of your client's cooperation pursuant to this agreement or during the course of any debriefing conducted in anticipation of this agreement. However, the United States expressly reserves its right to use self-incriminating information provided by your client at the sentencing in this case, if such use has otherwise been reserved in this agreement. Moreover, the United States also expressly reserves its

right to use against your client in any criminal or civil proceeding, directly or indirectly, any information and materials provided by your client, during the course of your client's cooperation, concerning crimes of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501.

25.   The United States agrees that if requested by your client, and if appropriate in the sole discretion of this Office in order to provide for the protection and security of your client, the United States Attorney's Office for the District of Columbia will sponsor your client for acceptance into the Witness Security Program of the United States Department of Justice. It is understood, however, that the decision to accept your client into the Witness Security Program is at the sole discretion of the United States Department of Justice and not this Office. It is further understood that once accepted into the Program, the continued participation of the your client will be governed exclusively by the standard rules and regulations which have been promulgated by the United States Department of Justice to administer the Program.

26.   This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

27.   This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

28.   There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

/s/ Kenneth R. Wainstein /ps
KENNETH L. WAINSTEIN
United States Attorney

JESSIE K. LIU
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Richard Samad, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11-18-05

EUGENE JONES, JR.
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement.

Date: 18 Nov

RICHARD SAMAD, ESQUIRE
Attorney for Defendant