## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 05-318 (HHK) |
| : | |
| EUGENE JONES, JR., : | (UNDER SEAL) |
| : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully recommends that the Court sentence Defendant, Eugene Jones, Jr., to 60 months of imprisonment on Count 3 of the indictment in this case and 60 months on Count 5, to run consecutively, for a total of 120 months. In support of this recommendation, the Government states as follows:

### FACTUAL BACKGROUND

On July 28, 2005, officers of the Metropolitan Police Department executed a search warrant at 613 Condon Terrace, S.E., in Washington, D.C. Upon entering the residence, the officers found Defendant, Eugene Jones, Jr., and a female acquaintance in an upstairs bedroom. Defendant Jones acknowledged that the bedroom belonged to him. During a search of the bedroom, the officers recovered a chunk of cocaine base; approximately 164 ziplocks of cocaine base; approximately 199 ziplocks of marijuana; a Smith and Wesson .32 caliber revolver loaded with three rounds of .32 caliber ammunition; and a box of Luger 9 mm ammunition. Presentence Investigation Report ("PSR") ¶ 4. At the police station, Defendant Jones waived his Fifth Amendment rights and admitted that the drugs and the gun belonged to him. A subsequent analysis of the drugs by the Drug

Enforcement Administration ("DEA") showed that the cocaine base weighed a total of 15.7 grams and that the marijuana weighed a total of 219.5 grams.[1]  *Id.* ¶ 5.

Defendant Jones was charged in a five-count indictment with the following offenses:

1. Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1);

2. Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1);

3. Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii);

4. Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); and

5. Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).

On November 18, 2005, pursuant to a plea agreement with the Government, Defendant Jones pleaded guilty to Counts 3 and 5 of the indictment.  Defendant Jones also agreed to cooperate with law enforcement and was released to enable him to do so.

---

[1]  In the plea agreement, Defendant Jones acknowledged that he was responsible for 25.08 grams of cocaine base and 301.76 grams of marijuana.  Plea Agreement, ¶ 2.  Because the Government was not in possession of the DEA analysis at the time of the plea, these weights were based on the information set forth in the police reports.  The correct weights are reflected in the DEA's report.

On November 22, 2005, two days before Thanksgiving, Defendant Jones met with Detective John Hendrick of the Metropolitan Police Department and made arrangements to begin working for the Government as a cooperator after the holiday weekend. On November 28, 2005, the undersigned Assistant United States Attorney received a telephone call from Defendant Jones's counsel stating that Defendant Jones had decided not to cooperate and desired to proceed directly to sentencing. As provided in the plea agreement, the Government then filed an *ex parte* request for a bench warrant for Defendant Jones. Plea Agreement, ¶ 5. On December 6, 2005, Defendant Jones's counsel informed the Government that Defendant Jones had changed his mind again and now wanted to cooperate. The Government declined his offer.[2/] Defendant Jones was arrested on a bench warrant on January 6, 2006, and has been held without bond since that date.

## ARGUMENT

After *United States v. Booker*, 543 U.S. 220 (2005), which rendered the United States Sentencing Guidelines advisory rather than mandatory, a sentencing court must consult the Guidelines and take them into account with other sentencing factors enumerated in 18 U.S.C. § 3553 to fashion a reasonable sentence. *United States v. Price*, 409 F.3d 436, 442-443 (D.C. Cir. 2005). The sentencing factors enumerated in 18 U.S.C. § 3553 fall into three main categories: the nature of the offense, the needs of the public, and the history and characteristics of the defendant. *United States v. Ranum*, 353 F. Supp. 2d 984, 989 (E.D. Wis. 2005). For the reasons set forth below, the

---

[2/]   Under paragraph 15 of the plea agreement, Defendant Jones's failure to meet the conditions of his agreement to cooperate relieves the Government of its obligations under the agreement. Nonetheless, Defendant Jones may not withdraw his guilty plea. Plea Agreement, ¶ 15.

mandatory minimum sentence of 60 months on Count 3, followed by the mandatory minimum sentence of 60 months on Count 5, would be a reasonable sentence in this case.[3/]

### *Guidelines Calculations*

Under the Guidelines, Defendant Jones is subject to a sentencing range of 57-71 months on Count 3 and 60 months on Count 5, to run consecutively. Because the mandatory minimum sentence on Count 3 is 60 months, however, Defendant's effective sentencing range on that count is 60-71 months.

### *Nature of the Offense and the Needs of the Public*

Although the offenses to which Defendant Jones pleaded guilty are very serious, their severity is somewhat mitigated by the fact that the gun in this case was found inside Defendant Jones's residence, rather than on the streets of the District of Columbia, where it would present a greater danger to the citizens of this city. In addition, although Defendant Jones's possession of a firearm in connection with a drug trafficking offense suggests that he was willing to use violence to achieve his ends, he engaged in no violent conduct in this case. Clearly, the public needs to be protected from armed drug dealers. But Defendant Jones's case is not particularly egregious. These factors militate in favor of a sentence at or near the statutory mandatory minimum.

### *History and Characteristics of the Defendant*

Defendant Jones has accepted responsibility throughout the pendency of this case. Shortly after his arrest, he gave a videotaped statement to the police in which he admitted that the gun and

---

[3/]    As provided for in the plea agreement, the undersigned Assistant United States Attorney has presented the facts and circumstances surrounding Defendant Jones's efforts at cooperation to the Departure Committee, which declined to authorize the filing of a motion for a downward departure. *See* Plea Agreement, ¶ 18.

drugs found in the bedroom belonged to him.  He also entered an early guilty plea, thereby earning a three-point reduction in his offense level.  PSR ¶ 20.  During the presentence investigation, he again acknowledged that he was guilty of the conduct charged in the indictment.  *Id.* ¶ 10.  Although Defendant Jones has three prior convictions, for simple assault, attempted possession with intent to distribute cocaine, and a felony violation of the Bail Reform Act, the most recent occurred nearly six years ago, in May 1999.  *Id.* ¶¶ 25-27.  Defendant Jones has been arrested once since then, for Carrying a Pistol Without a License in 1999, a charge that later was no-papered.  *Id.* ¶ 46.

On the other hand, Defendant Jones repeatedly has failed to comply with court orders.  His probation for simple assault was revoked, and he failed to appear in court in connection with the drug charge that resulted in his conviction for attempted possession with intent to distribute cocaine. *Id.* ¶¶ 25-26.  In two cases in other jurisdictions, Defendant Jones failed to appear for trial.  *Id.* ¶¶ 39, 47.  He also continued to use drugs and alcohol during the period between his guilty plea and his arrest on the bench warrant in this case, testing positive for both PCP and marijuana on December 12, 2005, and smelling of alcohol when he arrived at the probation office for his presentence interview.  *Id.* ¶¶ 60-63.  These facts suggest that a sentence somewhat above the mandatory minimum may be appropriate.  Nonetheless, the Government recognizes that the Court must impose consecutive sentences of 60 months on each count.  A sentence of 120 months is substantial and, in the Government's view, is sufficient to achieve the aims of sentencing.

## CONCLUSION

WHEREFORE, the Government respectfully recommends that the Court sentence Defendant Jones to 60 months on Count 3 and 60 months on Count 5, to run consecutively.

>Respectfully submitted,
>
>KENNETH L. WAINSTEIN
>United States Attorney

BY: _____
>JESSIE K. LIU
>Assistant United States Attorney
>D.C. Bar No. 472845
>555 Fourth Street, N.W., Room 4649
>Washington, D.C. 20530
>(202) 514-7549

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing Government's Memorandum in Aid of Sentencing to be served via first-class United States mail, postage prepaid, on counsel for Defendant:

>Richard A. Samad, Esquire
>503 D Street, N.W.
>Suite 200
>Washington, D.C. 20001

this twenty-sixth day of April, 2006.

_____
>JESSIE K. LIU
>Assistant United States Attorney